CATHERINE O'NEILL, ET UX., v. PUBLIC SERVICE RAIL-
WAY COMPANY.

Decided November 9, 1923.

**Negligence—Injury by Trolley Car to Passenger Through Im-
proper Starting of Car—Verdict Against Weight of Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the rule, *Leonard J. Tynan.*

*Contra, John W. Palmer.*

PER CURIAM.

This was an action for personal injuries. Mrs. O'Neill
was a passenger on a Central avenue trolley car, coming
from East Orange to Newark. When the car reached the
intersection of Central avenue and Broad street she started
to leave it for the purpose of transferring to another car,
which would take her to the station of the Pennsylvania
Railroad Company. According to her story as told on the
witness-stand, the car (which was a summer car) having
come to a stop, she arose from her seat and stepped down
on the running board, and, as she was in the act of alight-
ing, the car suddenly started, by reason whereof she was
thrown to the ground and received the injuries for which
she sued. Her statement that the car suddenly started is
without any support from other witnesses. On the other
hand, the defendant called six witnesss, several of them pas-
sengers who were entirely disinterested, so far as the case
shows, each of whom testified that the car was at a stand-
still from the time it stopped until Mrs. O'Neill had ac-
tually fallen.

The finding of the jury on the question of the alleged negligence of the defendant company in starting the car while Mrs. O'Neill was in the act of alighting is so contrary to the great preponderance of the evidence as to justify the conclusion that its verdict is the result of either prejudice or ignorance. Counsel for the plaintiffs attempts to support it by advancing the theory that, although the car did not start again, yet it gave a lurch, for some unexplained reason, after it had come to a standstill, and that this lurch caused Mrs. O'Neill's fall. But, even if we should be justified in accepting this theory in the place of a fact, the verdict cannot be supported. The case was tried upon the proposition that the car started up while the plaintiff was alighting, and the case went to the jury on that basis, the court saying, "If the plaintiff, by the greater weight of the evidence, has proven that this car started while she was in the act of alighting and threw her to the ground, she is entitled to your verdict. If the greater weight of the evidence does not establish that fact, then your verdict must be for the defendant."

The finding of the jury, as we have already indicated, was in palpable disregard of this instruction, and the rule to show cause will be made absolute.